b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**UNITED STATES OF AMERICA, Plaintiff** | **CRIMINAL DOCKET NO. 1:26-CR-00156**

**VERSUS** | **JUDGE EDWARDS**

**MICHAEL BLANCO (01) SEDARIUS MILES (02), Defendants** | **MAGISTRATE JUDGE PEREZ-MONTES**

---

# MEMORANDUM ORDER

Before the Court is a Motion for Protective Order Pursuant to Rule 16(d) (ECF No. 55) filed by the Government. Defendant Sedarius Miles ("Miles") opposes the proposed protective order. ECF Nos. 63, 65. Defendant Michael Blanco ("Blanco") appears to oppose the protective order but has not filed a formal opposition.[1]

Because the Government has demonstrated good cause exists for the issuance of a protective order, IT IS ORDERED that the Government's Motion for Protective Order Pursuant to Rule 16(d) (ECF No. 55) is GRANTED. The Protective Order will issue separately.

Should either Defendant wish to modify the Protective Order after reviewing the Protected Materials, he must submit a motion with this Court identifying the

[1] It is not clear whether Blanco objects to the proposed Protective Order itself or objects solely to the Government's reliance on that pending filing to delay providing the requested discovery. *See* ECF Nos. 68 & 69. The Court has done its best to ascertain any objection to the proposed Protective Order and to discuss the same in its analysis.

document(s) and reason for requesting modification. Any such motion must be filed within thirty days of receipt of the Protected Materials.

## I. Background

On April 15, 2026, a federal grand jury indicted Miles and Blanco (collectively, "Defendants") for conspiracy to possess a controlled substance with intent to distribute, attempted distribution of methamphetamine, and attempting to provide contraband in prison. ECF No. 3. Miles was additionally indicted for possession of a firearm or ammunition by a convicted felon and possession of a firearm in furtherance of a drug trafficking crime. *Id.* Both Defendants pleaded not guilty. ECF Nos. 20 & 33.

The indictment derives from the Defendants' alleged attempt to introduce contraband into FCC Pollock using a drone. On July 10, and July 17, 2026, Defendants submitted discovery requests related to the use of drone surveillance technology in this matter. Attempts between the Government and Defendants to agree to a protective order were unsuccessful.

The Government now moves the Court to issue a protective order. ECF No. 55. The proposed protective order encompasses "any items subject to the discovery requests made by defense counsel on July 10, 2026 and July 17, 2026" (hereafter, "Protected Materials"). ECF No. 55-2 at 1. In all, the proposed protective order requires defense counsel to keep the Protected Materials in their possession at all times and prevents defense counsel from (1) leaving Protected Materials in the possession, custody, or control of the Defendants, (2) letting Defendants take notes

concerning the Protected Materials or copy the Protected Materials, and (3) discussing the Protected Materials with "any persons other than among and between themselves and their client, unless such discussions or communications with other persons are for the purpose of representing defense counsel of record's client in the captioned criminal matter." *Id.* at 2–3.

The proposed protective order does not prevent defense counsel from providing copies to an "Authorized Person," which includes "defense counsel and any employees or agents of defendants' counsel, including defense paralegals, investigators, and/or retained experts." *Id.* at 2. Nor does the proposed protective order prevent defense counsel from reviewing the Protected Materials with Defendants. *Id.*

Miles responds that, while "[i]nternal risk assessments about FCC Pollock . . . may warrant protection," the detection log for the drone he allegedly used are necessary "to test whether individualized suspicion existed" under La. R.S. 14:337(G)(2) to justify the stop. ECF No. 65 at 3. He maintains "he is in the best position to help counsel identify discrepancies between the detection data and his own recollection of events," and, as such, "[a] blanket rule barring from [] taking a note while reviewing that materials . . . limits [his] ability to participate meaningfully in preparing his defense." *Id.* at 5. Alternatively, Miles requests that any court-issued protective order retain his "right to move for modification or to seek release of specific categories once counsel has actually reviewed the material." *Id.*

Blanco acknowledges the Government has "articulated its need for protection." ECF No. 68 at 3. However, he urges that he needs that information to "assert a

coherent, complete pretrial motion." *Id.* at 3. Accordingly, he filed a notice "reserv[ing] the right" to assert a pretrial motion once he "has received sufficient . . . information to ascertain the reasonable articulable suspicion and probable cause for the stop in this case."[2] *Id.* at 4.

On October 16, 2026, the Government provided the Protected Materials to the Court for an in camera review. The below analysis and subsequent Order apply only to those materials submitted to the Court for its consideration.

## II. Law and Analysis

"There is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the Court "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). "As the party seeking a protective order, the Government bears the burden of showing good cause." *United States v. Carriles*, 654 F. Supp. 2d 557, 565–66 (W.D. Tex. 2009).

Where appropriate, "the trial court can and should . . . place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). But in doing so the Court "must consider whether the imposition of the protective order would prejudice the defendant." *Carriles*, F. Supp. 2d at 566. "Among the considerations to be taken into account by the court will be the safety of witnesses

[2] Blanco additionally asks this Court to "issue the appropriate sanction(s) to ensure that this case continues as required under the Scheduling Order." ECF No. 58 at 4. However, he has not filed a formal motion requesting that relief. Until a formal motion is filed, the Court will not consider that request.

and others, a particular danger or perjury or witness intimidation, the protection of information vital to the national security, and the protection of business enterprises from economic reprisals." Fed. R. Crim. P. 16, Advisory Committee Notes for the 1966 Amendment, Subdivision (e) (prior version of the relevant rule).

Here, the Court finds good cause exists for the issuance of a protective order over the submitted Protected Materials. The Protected Materials contain highly sensitive information related to law enforcement's drone detection technology. The dissemination of this information could disclose the technology's capabilities and limitations, which would, in turn, allow individuals to circumvent that technology. The gravity of these potential disclosures is further heightened by the fact that the State of Louisiana uses this same technology to protect its oil and natural gas infrastructure.

Moreover, the issuance of a protective order for these materials would not prejudice Defendants. Miles contends that the inability to take notes will prevent him from meaningfully participating in his defense. However, he is not foreclosed from reviewing the unredacted materials with his counsel and informing counsel of potential discrepancies between the materials and his memory of that night. At this juncture, an inability to take notes would not appear to prejudice him.[3] This is especially so considering the particularly sensitive nature of the Protected Materials.

[3] The Court is aware Defendants did not have the benefit of reviewing the Protected Materials before making their arguments. As such, the Court does not intend to foreclose any future arguments Defendants may make for releasing certain Protected Materials from the Protective Order. The Court only notes that, as it stands, a protective order would not appear to prejudice their ability to prepare a defense.

Accordingly, the Court finds good cause exists for the issuance of a Protective Order.

## III. Conclusion

Because the Government has demonstrated good cause exists for the issuance of a protective order, IT IS ORDERED that the Government's Motion for Protective Order Pursuant to Rule 16(d) (ECF No. 55) is GRANTED. The Protective Order will issue separately.

Should either Defendant wish to modify the Protective Order after reviewing the Protected Materials, he must submit a motion with this Court identifying the document(s) and reason for requesting modification. Any such motion must be filed within thirty days of receipt of the Protected Materials.

SIGNED on Monday, October 26, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE